IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GOOD SAM ENTERPRISES, LLC, a Delaware Limited Liability Company,     Plaintiff, v. RV ADVISOR LLC, a Delaware Limited Liability Company, and GIGI STETLER, an individual,     Defendants. | CIVIL ACTION NO.: JURY DEMAND |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
UNFAIR COMPETITION AND FALSE ADVERTISING**

Plaintiff, Good Sam Enterprises, LLC (hereinafter "Plaintiff"), brings this action against RV Advisor LLC ("RV Advisor") and Gigi Stetler ("Stetler") (collectively "Defendants") and alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of a longstanding personal vendetta by Defendant Stetler against the Plaintiff's CEO, Marcus Lemonis ("Lemonis"). Stetler blames Lemonis and one of the companies he leads, Camping World, Inc. ("Camping World"), a wholly owned subsidiary of Plaintiff, for the economic issues Stetler's recreational vehicle ("RV") dealership faced during the 2008 great recession. Having unsuccessfully sued Camping World for her own business failures, Stetler has dedicated the better part of the last decade to complaining about Lemonis and the companies he leads to whomever will listen. Plaintiff and the other companies led by Lemonis have ignored Stetler's missives and instead focused on growing their business to be the largest and one of the most respected businesses in the RV and related services markets. More recently,

1

however, Stetler has begun an unlawful campaign to confuse consumers by using a trademark and service mark that Plaintiff has used since 1966, and by making material misrepresentations of fact and engaging in false advertising regarding the services offered by Plaintiff.

2. Plaintiff therefore brings this action to protect one of its most valuable assets, the GOOD SAM and GOOD SAM CLUB trademarks and service marks as well as its business, from infringement, unfair competition and false advertising by Defendants Stetler and RV Advisor LLC. In recent days, Defendants have begun using the mark GOOD SAMARITAN CLUB to sell services that Plaintiff has continuously offered under the GOOD SAM and GOOD SAM CLUB marks for decades. Defendants, via their www.thervadvisor.com website, also make numerous false representations about Plaintiff's services. Plaintiff therefore seeks injunctive and monetary relief for acts of, *inter alia*, trademark infringement, unfair competition, and false advertising under the Lanham Act, Title 15, United States Code § 1051, et seq., and the statutes and common laws of the state of Illinois.

**PARTIES**

3. Plaintiff is a limited liability company duly organized and existing under the laws of the State of Delaware with its principal place of business at 250 Parkway Drive, Suite 270, Lincolnshire, Illinois 60069.

4. Plaintiff is the owner of the well-established and well-known family of GOOD SAM service marks and trademarks in both word and design (hereinafter the "Family of GOOD SAM Marks") used throughout North America and elsewhere, in connection with a variety of products and services directed to RV owners and enthusiasts, including roadside assistance plans, extended service plans, financial services, insurance services, RV informational services, affinity

and discount programs, and online forums and other social networking services that allow RV owners and enthusiasts to connect and exchange information.

5. On information and belief, Defendant RV Advisor is a Delaware limited liability company with a principal place of business located in Florida. On information and belief, Defendant RV Advisor is the owner and operator of the website www.thervadvisor.com, on which it uses the mark GOOD SAMARITAN CLUB.

6. On information and belief, Defendant Gigi Stetler is an individual with a residence in Florida. On information and belief, Stetler is the owner of Defendant RV Advisor, controls all of its business decisions, and is responsible for the selection and use of the infringing GOOD SAMARITAN CLUB mark and the misrepresentations regarding Plaintiff's services.

7. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplace and website located at the URL www.thervadvisor.com. The Defendants' use of the infringing GOOD SAMARITAN CLUB mark is targeted to consumers throughout the United States, including consumers in this Judicial District, and Defendants have offered to sell goods and services to consumers within the United States, including the State of Illinois, under one or more of the Family of GOOD SAM Marks, without permission or authorization by Plaintiff.

## JURISDICTION AND VENUE

8. This is a civil action arising under the Lanham Act of the United States, 15 U.S.C. §1051, et seq., subject matter being conferred on this Court under 15 U.S.C. §1121, 28 U.S.C. §§1338 (a) and (b), and 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over Defendants because Defendants transact business within the Northern District of Illinois and have sufficient minimum contacts with the

State of Illinois. Defendants purposefully availed themselves of the benefits of doing business within Illinois by offering an interactive website that targets consumers throughout the United States and within Illinois, and by intentionally trading on the goodwill and misrepresenting the services of Plaintiff, whose principal place of business is in this District. Defendants can thus reasonably anticipate being haled into court in Illinois.

10. Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c). Defendants market and offer their goods and services in interstate commerce and within the Northern District of Illinois, using the GOOD SAMARITAN CLUB trademark to do so.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

**Plaintiff and its Family of GOOD SAM Trademarks and Service Marks**

11. Plaintiff's Good Sam Club is the world's largest RV membership organization with over 2.1 million members. Since its inception in 1966, members of the Good Sam Club receive exclusive savings on a wide variety of products and services from fuel and free trip planning services to discounts on nightly fees at its nationwide network of over 2,100 Good Sam RV Parks and Campgrounds.

12. Good Sam Club members also receive exclusive access to a host of services including roadside assistance, extended warranty plans, RV and auto insurance, life and health insurance and travel assistance programs, and benefit from Plaintiff's online forums and other social networking services. In addition, the Good Sam Finance Center offers RV loans and credit cards where card holders earn points on every purchase with the Good Sam Rewards Visa credit card.

13. Members of the Good Sam Club also receive discounts at its affiliated Camping World and Gander RV & Outdoors retail stores across the country. Camping World is the nation's

largest retailer of RVs, RV accessories and RV-related services with over 170 Camping World and Gander RV & Outdoors SuperCenters nationwide, a full-service call center, and a comprehensive website featuring thousands of quality products for RVs, camping, towing and outdoor living.

14. Good Sam Club ambassadors travel the nation to develop friendly relationships and build good rapport with both campground management and RVers and often sponsor events held at local campgrounds. At local rallies and RV trade shows, the Good Sam Club ambassadors operate informational booths and distribute flyers, catalogs and other Camping World and Good Sam promotional materials to RV owners and enthusiasts.

15. The Good Sam Club has become a household name through extensive advertising and major sponsorships. Good Sam is a partner of Major League Baseball, and has been a sponsor of the NASCAR Sprint Cup Series race Good Sam Club 500 at Talladega Superspeedway and the Camping World Truck Series Good Sam Roadside Assistance Carolina 200 at Rockingham Speedway in addition to sponsoring various NASCAR drivers over the past decade.

16. Plaintiff is the owner of well-established common law rights in and to the Family of GOOD SAM Marks and is the owner of several U.S. trademark registrations[1] and pending applications including, but not limited to, the registrations depicted in Exhibit A, hereto.

17. Plaintiff and its licensees, affiliates, related companies and predecessors in interest have invested millions of dollars in its Family of GOOD SAM Marks, which have come to represent the high quality of products and services that Plaintiff and its licensees, affiliates, and related companies offer. The Family of GOOD SAM Marks constitutes one of Plaintiff's most valuable assets.

---

[1] A list and copies of the relevant Certificates of Registration issued by the United States Patent and Trademark Office along with copies of the USPTO records from the TSDR database for the pending applications are attached hereto as Exhibit A.

**Defendants' Infringing Acts**

18. On information and belief, Defendants are the owners and operators of the website www.thervadvisor.com. Defendants' website touts itself as "the brainchild of Gigi Stetler, a business professional, RV dealership owner, expert and consultant for over 30 years." (https://thervadvisor.com/about/) (last accessed March 15, 2021). Although Defendants' website claims that RV Advisor is "the nation's most comprehensive non-biased advisory platform [,]" Defendants' website offers many of the same services that Plaintiff offers under its Family of GOOD SAM Marks, including but not limited to, roadside assistance, extended warranties, and RV and automobile insurance. (https://thervadvisor.com/products-and-services/) (last accessed March 15, 2021). On information and belief, the Defendants' sale of these services constitutes Defendant's primary line of business and directly competes with Plaintiff's services under its Family of GOOD SAM Marks.

19. On March 10, 2021, Defendants launched via the www.thervadvisor.com website what is described as a social networking platform under the trademark GOOD SAMARITAN CLUB:



(https://thervadvisor.com/) (last accessed March 15, 2021).

20. Despite touting itself as a "social network," RV Advisor's primary use of the GOOD SAMARITAN CLUB mark is to sell the roadside assistance, extended warranty, and other services that compete with Plaintiff's services offered under its Family of GOOD SAM Marks. Indeed, the self-described "home page" of RV Advisor's Good Samaritan Club displays almost no information about social networking, instead prominently offering Defendants' roadside assistance, extended service and warranty plans, and other services that directly compete with Plaintiff's services:



21. Defendants' GOOD SAMARITAN CLUB mark is nearly identical to Plaintiff's Family of GOOD SAM Marks, and Defendants' selection of a nearly identical mark was no accident. Defendants have for many years been aware of Plaintiff's Family of GOOD SAM Marks and the services offered by Plaintiff under those marks.

7

22. RV Advisor and its founder, Stetler, have for many years operated businesses that directly compete with that of Plaintiff and its subsidiary retail operation Camping World. In 2013 Stetler added Camping World to a 2010 lawsuit in which she blamed Camping World, among others, for economic problems encountered by Stetler's RV dealership, then known as RV Sales of Broward, during the 2008 great recession. Camping World prevailed in this lawsuit, but Stetler has nonetheless made statements and given numerous interviews in which Stetler continues to blame Lemonis for her failures. For example, in a 2016 interview regarding the lawsuit, she accuses Lemonis of being a "monster."

23. On information and belief, Stetler's personal vendetta against Lemonis and the companies he leads has driven Defendants to adopt a trademark that is intended to trade on the goodwill associated with Plaintiff's Family of GOOD SAM Marks, and to confuse consumers into believing that Defendants' services are somehow affiliated with Plaintiff.

24. The Defendants' adoption and use of the GOOD SAMARITAN CLUB mark is not the only way in which Defendants have unlawfully sought to harm Plaintiff. The RV Advisor website contains a page purporting to show the differences between Defendants' roadside assistance services and those of Plaintiff and other service providers, https://thervadvisor.com/products-and-services/roadside-assistance-plan/ (attached as Exhibit B). This page contains numerous misrepresentations of fact and false and misleading statements regarding Plaintiff's services. For example, and not by way of limitation:

- The price of the Good Sam roadside assistance plan is listed as $189.95. None of Plaintiff's plans are offered for $189.95. Instead, Plaintiff's plans currently range in price between $64.95 and $239.95, depending on the services the customer chooses to purchase and when the plan is purchased.

8

- Defendants' comparison page asserts that Plaintiff's services do not cover campers and towed vehicles. Plaintiff does, in fact, offer these coverages.

- Defendants' comparison page asserts that Plaintiff's services do not include flatbed towing for Class A motorhomes. Plaintiff does, in fact, offer this service.

- Defendants' comparison page asserts that Plaintiff does not offer unlimited towing to the nearest service center. Plaintiff does, in fact, offer this service.

- Defendants' comparison page claims that Plaintiff does not offer trip interruption service, automotive locksmith service, spare tire replacement, car rental, hotel and restaurant reservation services, hotel discounts, car discounts, and ATM and business locator services. Plaintiff does, in fact, offer all of these services.

25. These false statements and misrepresentations, particularly when placed in a table purporting to accurately compare Defendants' roadside assistance program to "Good Sam", "AARP" and "Coach Net" are intended to, and certainly will, influence consumers' purchasing decisions by suggesting that Defendants' roadside assistance services are more economical and broader in scope than those of Plaintiff.

26. Unless enjoined, Defendant's use of the GOOD SAMARITAN CLUB mark is likely to create consumer confusion in violation of the Lanham Act and the laws of the state of Illinois. Plaintiff therefore respectfully seeks the intervention of this Court.

## COUNT I

### Violations of Section 32 of the Lanham Act – Trademark Infringement

27. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. This is a trademark infringement action based on Defendants' unauthorized use of one or more of the Family of GOOD SAM Marks.

29. Defendants' unauthorized use of one or more of the Family of GOOD SAM Marks in connection with the offering and sale of roadside assistance, extended warranty, insurance, and social networking services is likely to cause public confusion, mistake, or deception as to the origin of the Defendants' products, in violation of the Lanham Act, 15 U.S.C. §1114(1).

30. Plaintiff is the exclusive owner of the Family of GOOD SAM Marks and United States registrations for the Family of GOOD SAM Marks, listed in Exhibit A, such registrations being valid and subsisting and thus having the full force and effect of the law.

31. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' products, to injure Plaintiff, and/or to capitalize on Plaintiff's goodwill associated with the Family of GOOD SAM Marks.

32. Defendants' acts, as alleged herein, constitute willful trademark infringement as contemplated by the Lanham Act, 15 U.S.C. §1117.

33. Defendants' acts, as complained herein, have caused irreparable injury and damage to Plaintiff, and unless restrained, will continue to do so.

34. Plaintiff has no adequate remedy at law.

35. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT II

### Violation of Section 43 of the Lanham Act – Unfair Competition

36. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

37. Defendants' unauthorized use of one or more of the Family of GOOD SAM Marks in connection with the offering and sale of roadside assistance, extended warranty, insurance, and social networking services is likely to confuse, mislead, or deceive customers, the public, and the trade as to the origin, sponsorship, or affiliation of Defendants' products and services, and is intended and likely to cause such parties to falsely believe that Defendants' website, and the products sold therein have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff, which they are not.

38. Defendants' unauthorized use of one or more of the Family of GOOD SAM Marks in association with its active infringing website constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, which is likely to cause confusion, mistake, or deception in violation of the Lanham Act, Section 43(a), 15 U.S.C. §1125(a).

39. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

40. Plaintiff has no adequate remedy at law.

41. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT III

### Violation of Section 43 of the Lanham Act – False Advertising

42. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

43. Defendants' acts of falsely misrepresenting the services offered by Plaintiff as depicted in Exhibit B and described, above, constitutes a false or misleading representation of fact regarding the nature and scope of Plaintiff's products and services in violation of the Lanham Act Section 43(a), 15 U.S.C. §1125(a)(1)(B).

44. Defendants' use of false or misleading representations of fact in commercial advertising and/or promotion misrepresents the nature, characteristics, scope and/or qualities of Plaintiff's goods and services.

45. Defendants' use of false or misleading representations of fact has the tendency to deceive a substantial portion of the target consumer audience and/or actually deceives a substantial portion of the target audience.

46. Defendants' false or misleading representations of fact are material because they are likely to influence the purchasing decisions of the target consumers.

47. Defendants disseminated false or misleading representations of fact in connection with services which are advertised, promoted and/or sold and distributed in interstate commerce.

48. Plaintiff has been and continues to be injured by Defendants' false or misleading representations of fact through the diversion of sales and/or the loss of goodwill.

49. Defendants are aware that their representations of fact are false or misleading.

50. Defendants' false or misleading representations of fact were made in bad faith and/or with malice or reckless indifference to Plaintiff and its consumers' interests.

51. Defendants' bad faith false or misleading representations of fact regarding Plaintiff's goods and services results in this case being exceptional as contemplated by Section 35 of the Lanham Act, 15 U.S.C. §1117.

52. Defendants continue to make false or misleading representations of fact regarding the nature, characteristics, scope and/or qualities of Plaintiff's goods and services and will continue to do so unless enjoined by this Court as provided by Section 34 of the Lanham Act, 15 U.S.C. §1116.

53. Plaintiff is entitled to an award of Defendants' profits due to sales of the falsely or misleadingly represented services, any damages sustained by Plaintiff and the cost of this action, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117.

54. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff, and, unless restrained, will continue to do so.

55. Plaintiff has no adequate remedy at law.

56. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT IV

### Violation of Illinois Deceptive Trade Practices Act 815 ILCS 510/2

57. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

58. Illinois Deceptive Trade Practices Act 815 ILCS 510/2 defines deceptive trade practices as:

   a. Passing off goods or services as those of another;

b. Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

c. Causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another;

d. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have;

e. Representing that goods or services are of a particular standard, quality, or grade or that goods are a particular style or model, if they are of another;

f. Disparaging the goods, services, or business of another by false or misleading representation of fact;

g. Advertising goods or services with intent not to sell them as advertised.

59. Plaintiff enjoys well-established common law rights in and to the Family of GOOD SAM Marks in the state of Illinois, which is superior to any rights that Defendants may claim, and has built significant goodwill in same.

60. Plaintiff's Family of GOOD SAM Marks are inherently distinctive and/or have acquired distinctiveness.

61. Plaintiff's first adopted and used the Family of GOOD SAM Marks in its market(s) or trade area(s) as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods and services offered by Plaintiff and to distinguish them from similar goods and services offered by others. As a result, Plaintiff's Family of GOOD SAM Marks has acquired secondary meaning.

62. Defendants' acts as complained of herein create a likelihood of confusion and/or a misunderstanding as to the source, sponsorship, or approval of Plaintiff's and Defendant's products in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

63. Defendants' acts as complained of herein create a likelihood of confusion or of misunderstanding as to affiliation, connection, or association of Plaintiff and Defendants in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

64. Defendants' acts as complained of herein erroneously convey that Defendants' products and services have sponsorship, approval, characteristics, benefits, and/or quantities that they do not have in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

65. Defendants' acts as complained of herein represent that Defendant's products and services are of a particular standard and quality, when they are demonstrably of another in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

66. Defendants' acts as complaint of herein constitute false representations regarding the services provided by Plaintiff in violation of the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

67. By engaging in these deceptive trade practices, Defendants have directed the acts alleged herein to the market generally, thereby directly implicating the consumer protection concerns invoked by the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

68. Defendants' acts, as alleged herein, constitute a willful violation of and continue to violate the Illinois Deceptive Trade Practices Act 815 ILCS 510/2.

69. The acts complained of herein have caused irreparable harm, damage, and injury to Plaintiff, and Plaintiff has no adequate remedy at law.

70. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendants' acts alleged herein.

## COUNT V

## Unfair Competition under Illinois Common Law

71. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 26 as if fully set forth herein.

72. Plaintiff enjoys well-established common laws rights in and to the Family of GOOD SAM Marks in the state of Illinois, which are superior to any rights that Defendant may claim, and has built significant goodwill in the same.

73. The Family of GOOD SAM Marks are inherently distinctive and/or have acquired distinctiveness.

74. Plaintiff first adopted and used the GOOD SAM Mark in its market(s) or trade area(s) as a means of establishing goodwill and reputation and to describe, identify, or denominate particular goods and services offered by Plaintiff and to distinguish them from similar goods offered by others. As a result, Plaintiff's Family of GOOD SAM Marks has acquired secondary meaning.

75. Defendants have engaged in and are currently engaging in the unauthorized use of one or more of the Family of GOOD SAM Marks, in connection with the sale of its goods and services, and such unauthorized use is likely to cause and/or has caused confusion or mistake as to the source, affiliation, connection, or association of Defendants' goods and services in that consumers thereof are likely to erroneously associate or have associated such goods and services as originating with Plaintiff, all to the detriment of Plaintiff.

76. Defendants' misrepresentations of fact regarding Plaintiff's services on the www.thervadvisor.com have and are likely to damage Plaintiff.

77. Defendants' acts complained of herein constitute unfair competition under the laws of the state of Illinois.

78. Defendants have been unjustly enriched and have damaged Plaintiff's business, reputation, and goodwill.

79. Defendants' acts, as complained of herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

80. Plaintiff has no adequate remedy at law.

81. Plaintiff has suffered and continues to suffer damage to its reputation and goodwill and economic loss directly and proximately caused by Defendants' actions alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants and grant the following relief:

A. Find that Defendants willfully violated Sections 32 and 43 of the Lanham Act, 15 U.S.C. §1051 *et seq*.;

B. Find that Defendants committed willful acts of unfair competition, and deceptive acts and practices in violation of the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2;

C. Find Defendants liable for acts of trademark infringement and unfair competition in violation of Illinois State common law;

D. Enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from use of the GOOD SAMARITAN CLUB trademark or any other colorable imitation of any of the Family of

      GOOD SAM Marks in any advertisement, promotion, offer for sale, or sale of any goods or services that are sufficiently similar to those offered by Plaintiff such that confusion is likely;

E. Enjoin Defendants as well as any officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with Defendants, from making further misrepresentations regarding the nature of Plaintiff's services;

F. Order an award to Plaintiff of all actual damages and an accounting of any gains, profits, and advantages derived by Defendants resulting from the infringing acts complained of herein;

G. Order an award of three times the amount of Plaintiff's damages or Defendants' profits, whichever is greater;

H. Order an award to Plaintiff of all pre-judgment and post-judgment interest to the extent allowed by law;

I. Pursuant to 15 U.S.C. §1116, order Defendants to file with this Court and serve on Plaintiff within thirty (30) days after issuance of an Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the Order;

J. Award Plaintiff all of its costs, disbursements, and reasonable attorneys' fees due to the exceptional nature of the case pursuant to 15 U.S.C. §1117; and

K.  Award Plaintiff other such relief, in law or in equity, as this Court deems appropriate.

Plaintiff hereby demands trial by jury on all issues.

| | |
|---|---|
| Dated: March 15, 2021 | Respectfully submitted, |
| | /s/ Jeffrey T. Norberg |
| | Jeffrey T. Norberg, Esq. |
| | Illinois Bar No. 6315012 |
| | Richard B. Biagi, Esq. |
| | Illinois Bar No. 6274572 |
| | Nicholas G. de la Torre, Esq. |
| | Illinois Bar No. 6269612 |
| | **NEAL & McDEVITT, LLC** |
| | 1776 Ash Street |
| | Northfield, Illinois 60093 |
| | Telephone:   (847) 441-9100 |
| | Facsimile:   (847) 441-0911 |